Beatriz Sosa-Morris (admitted *pro hac vice*)
bsosamorris@smnlawfirm.com
SOSA-MORRIS NEUMAN ATTORNEYS AT LAW
Texas State Bar No. 24076154
5612 Chaucer Dr.
Houston, TX 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

**LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Bell, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>TopGolf USA Riverwalk, LLC; TopGolf USA Gilbert, LLC; and TopGolf International, Inc.<br><br>    Defendants. | No. 2:17-CV-01110-SPL<br><br>**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

1.    Plaintiff Timothy Bell on behalf of himself and on behalf of all others similarly situated alleges as follows:

## I.    SUMMARY

2.    Plaintiff worked for Defendants, TopGolf USA Riverwalk, LLC ("Defendant Scottsdale"), TopGolf USA Gilbert, LLC ("Defendant Gilbert"), and TopGolf International, Inc. ("Defendant International") at Defendants' Scottsdale,

Arizona location.[1] He files this lawsuit against Defendants for their violation of the Fair Labor Standards Act ("FLSA"), the Arizona Wage Act, the Arizona Minimum Wage Act, and for conversion.

3. Plaintiff seeks to certify this matter as a Fed. R. Civ. P. 23 class action for the Arizona Wage Act, Arizona Minimum Wage Act, and conversion claims.

4. Plaintiff seeks to certify this matter as a collective action for the FLSA violations.

5. The FLSA is designated to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers…" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

6. The FLSA allows employers to pay less than the minimum wage to employees who receive tips. 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips. *Id.* An employer must advise an employee *in advance of its use of the tip credit* pursuant to the provisions of section 3(m) of the FLSA. That is, the employer must inform the employee (1) the amount of the cash wage that is to be paid to the tipped employee (2) the amount by which the wages of the tipped employee are increased on account of the tip credit (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool

---

[1] TopGolf Gillbert USA, LLC ("Defendant Gilbert"), TopGolf Riverwalk USA, LLC ("Defendant Scottsdale"), TopGolf International, Inc. (Defendant International") will be collectively referred herein as "Defendants" or "TopGolf."

and (4) that the tip credit shall not apply to any employee who does not receive the notice.  *See* 29 C.F.R. § 531.59.

7.      Under the FLSA, it is illegal to require tipped employees to share their tips with non-tipped employees.  If an employer requires tipped employees to share their tips with non-tipped employees, the employer loses its ability to claim the tip credit privilege.

8.      Defendants violated the FLSA in numerous respects.  First, Defendants required tipped employees to share their tips with non-tipped employees in violation of 29 U.S.C. § 203(m).   Accordingly, Defendants are not able to use the tip credit privilege and must pay the full minimum wage and overtime wage to all tipped employees that participated in the illegal tip pool.  Second, Defendants violated the FLSA by paying Plaintiff less than minimum wage for time spent performing non-server duties such as washing dishes.  Defendants lost their right to take a tip credit for those periods.  Consequently, Defendants were required to but failed to pay those employees minimum wage for such hours worked.  Third, Defendants failed to correctly inform the wait staff of its intent to rely on the tip credit provision prior to the use of the tip credit privilege.  *See*, 29 C.F.R. § 531.59.

9.      As a result, of Defendants' FLSA violations, they can no longer rely on the tip credit privilege found in 29 U.S.C. § 203(m).

10.      Plaintiff and FLSA Class Members should be compensated at the full minimum wage rate and overtime wage rate without regards to tips earned.

11.      Defendants' conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay.  *See* 29 U.S.C. § 207(a).

12.     Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision.  *See* 29 U.S.C. §§ 203, 206.

13.     Plaintiff brings a collective action to recover the unpaid wages owed to him and all other similarly situated employees, current and former, of Defendants throughout Arizona.  Members of the Collective Action are hereinafter referred to as "FLSA Class Members."

14.     Additionally, Defendants' failure to compensate Plaintiff and all other non-exempt employees at a rate equal to or in excess of Arizona's required minimum wage violates the Arizona Wage Act, ARIZ. REV. STAT. ANN. § 23-350, et seq., and the Arizona Minimum Wage Act, ARIZ. REV. STAT. ANN. § 23-363, et seq.  Likewise, Defendants failed to pay Plaintiff and other similarly situated non-exempt employees their overtime rate timely as required by Arizona Wage Act, ARIZ. REV. STAT. ANN. § 23-350.

15.     Defendants use of Plaintiff's tips for purposes other than a valid tip pool is conversion.  Tips belong to the employee that received those tips, and Defendants' use of such tips for any purpose other than a valid tip pool is conversion.

16.     Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under the Arizona wage laws and under a conversion cause of action.  Members of the Rule 23 Class Action are hereinafter referred to as the "Arizona Class Members."

## II.     SUBJECT MATTER JURISDICTION AND VENUE

17.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

18.     This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because such claims do not raise novel or

complex issues of state law, and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

19.    Venue is proper in the District of Arizona because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants operate in this District.

III.    **PARTIES AND PERSONAL JURISDICTION**

20.    Plaintiff Timothy Bell is an individual residing in Maricopa County, Arizona.  His consent to this action is attached hereto as Exhibit "A."

21.    As of April 12, 2018, Twenty-Four (24) opt-in Plaintiffs have filed their consent forms to join this action.

22.    The FLSA Class Members are all current and former employees who received a direct hourly wage from Defendants at a rate of less than the FLSA's minimum rate of $7.25 per hour at any time during the three years prior to the filing of this Complaint to present.

23.    The Arizona Class Members are all current and former employees who received a direct hourly wage from Defendants at a rate of less than the Arizona's minimum wage rate[2] at any time during the three years prior to the filing of this Complaint to present.

24.    Defendant TopGolf USA Riverwalk, LLC is a foreign limited corporation organized under the laws of Delaware.  Defendant has previously made an appearance through its counsel.

---

[2] The Arizona minimum wage per hour for the last five years is as follows:  2014-$7.90, 2015- $8.05, 2016-$8.05, 2017-$10.00, 2018-$10.50.

25.     Defendant TopGolf USA Gilbert, LLC is a foreign limited corporation organized under the laws of Delaware.  Defendant has previously made an appearance through its counsel.

26.     Defendant TopGolf International, Inc. is a foreign limited corporation organized under the laws of Delaware.  Defendant has previously made an appearance through its counsel.

27.     Defendants will be served with this Complaint via the Court's CM/ECF system and via First Class Mail.

## IV.   FLSA AND ARIZONA WAGE ACT COVERAGE

28.     At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

29.     The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee."  29 U.S.C. § 203(d).

30.     The statutory definition of "employer" is interpreted broadly and includes corporate officers, participating shareholders, supervisors, managers, or other employees when that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation.  *See, e.g.*, *id.*; *Boucher v. Shaw*, 572 F.3d 1087, 1090–91 (9th Cir. 2009); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984).

31.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

32.     Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.

33.     At all material times, Plaintiff and FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

34.     Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose.  *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

35.     Defendants advertise together, use the same logo, and use the same payroll processing company.

36.     Defendants use the same payroll processing company to process the pay for all of its tipped employees.

37.     Defendants require their servers, bussers, and bartenders, bar back, food runner, waitresses, and bayhost to share tips with non-tipped employees.

38.     Defendants offer identical services, food, and beverages to its patrons.

39.     Defendants advertise the fact that a patron can have the same experience at any of its locations.

40.     Defendants employ workers under the same job titles.   For example, Defendant Gilbert and Defendant Scottsdale both hire bayhosts, bussers, muckers, dishwashers, bartenders, and event hosts.

41.     Defendants utilize the tip credit privilege to pay a direct wage less than the applicable federal and state minimum wage to over 100 employees.

42.     Defendant Scottsdale has utilized the FLSA's tip credit privilege to pay a direct wage less than the applicable federal and state minimum wage to over 100 employees within the last three years.

43.    Defendant Gilbert has utilized the FLSA's tip credit privilege to pay a direct wage less than the applicable federal and state minimum wage to over 100 employees within the last three years.

44.    Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m).  Defendants also violated 29 U.S.C. § 203(m) when it failed to notify the Plaintiff and the FLSA Class Members about the tip credit allowance (including the amount to be credited and that no nontipped employees would participate in the tipped pool) before the credit was utilized.  Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiff and the FLSA Class Members to retain all of their tips and instead required that they divide their tips amongst other employees who do not customarily and regularly receive tips.  Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

45.    At all material times, Defendants have been an employer within the meaning of ARIZ. REV. STAT. ANN. § 23-350(3) and ARIZ. REV. STAT. ANN. § 23-362(B).

46.    At all material times, Plaintiff and the Arizona Class Members were employees of Defendants within the meaning of ARIZ. REV. STAT. ANN. § 23-350(2) and ARIZ. REV. STAT. ANN. § 23-362(A).

47.    At all material times, Plaintiff and the Arizona Class Members were employees of Defendants within the meaning of ARIZ. REV. STAT. ANN. § 23-350(2) and ARIZ. REV. STAT. ANN. § 23-362(A).

48.    Furthermore, Defendants are in violation of Arizona's tipped-employee compensation provision, ARIZ. REV. STAT. ANN. § 23-363(C) by requiring their tipped employees to share tips with nontipped employees.

49.     Defendants failed to compensate Plaintiff at the minimum wage rate for hours worked at or under 40 during a pay period violation of the Arizona Minimum Wage Act.

50.     Defendants failed to pay overtime wages timely in violation of the Arizona Wage Act.

## V.     FACTS

51.     Defendants operate TopGolf facilities in Scottsdale and Gilbert, Arizona.

52.     Defendants' headquarters is located in Dallas, Texas.

53.     TopGolf is a driving range and a restaurant.

54.     Defendant Scottsdale is located at 9500 E. Talking Stick Way Scottsdale, AZ 85256.

55.     Defendant Gilbert is located at 1689 S. SanTan Village Pkwy Gilbert, AZ 85295.

56.     Defendants employs tipped and nontipped employees at their aforementioned locations.

57.     Plaintiff Timothy Bell worked for Defendants as a bayhost and as an event host from July 2015 until April 2017.

58.     At both TopGolf locations in Arizona, Defendants employ an individual in the role/job title of "mucker."

59.     Muckers do not receive tips directly from customers and had no interaction with customers.  Muckers exclusively worked washing dishes alongside dishwashers.

60.     However, Defendants require Muckers to participate in the tip pool and require that bayhosts, and other employees in customer facing positions, contribute a portion of their tips to the Muckers.  In other words, Defendants use the tips of customer

facing employees to subsidize the wages of back of the house employees that are essentially dishwashers.

61.    Plaintiff Timothy Bell was paid a direct hourly rate of less than $7.25 per hour.

62.    Plaintiff worked on a regular basis for Defendants' TopGolf facility located in Scottsdale, Arizona.

63.    Plaintiff is not exempt from the overtime and minimum wage requirements under the FLSA or Arizona law.

64.    At each of its facilities, TopGolf employs tipped employees and such employees are known, amongst other job titles, as "Bayhosts," "bussers," "event hosts," and "bartenders."

65.    Defendants also hire nontipped employees and such employees are known, amongst other job titles, as dishwashers and muckers.

66.    TopGolf has employed at least 100 Bayhosts in the last three years at its Scottsdale, Arizona location.

67.    TopGolf has employed at least 500 Bayhosts in the last three years throughout the state of Arizona.

68.    The job duties of all Bayhosts employed by Defendants throughout Arizona are the same.

69.    The job duties of all bussers employed by Defendants throughout Arizona are the same.

70.    The job duties of all dishwashers employed by Defendants throughout Arizona are the same.

71.    The job duties of all muckers employed by Defendants throughout Arizona are the same.

72.     Defendants require tipped employees such as bayhost, bartenders, and bussers to participate in a tip pool with nontipped employees such as muckers.

73.     The job duties of a mucker are to wash dishes.

74.     Muckers do not have any interaction with customers.

75.     Muckers are not engaged in an occupation where they receive tips.

76.     Muckers are paid a direct hourly wage less than the FLSA's minimum wage.

77.     Muckers are required to participate in the tip pool.

78.     Muckers are paid direct wages at a rate less than the Arizona required minimum wage.

79.     Defendants rely on the tip credit privilege to pay a direct wage less than the federal or state minimum wage to the muckers.

80.     Defendants use bayhosts', bartenders', and bussers' tips for purposes other than a valid tip pool.

81.     Defendants use bayhosts', bartenders', and bussers' tips to try and meet Defendants' own minimum wage obligations with regards to muckers.  In other words, Defendants use tips for purposes of paying labor cost to employees engaged in nontipped activities.

82.     By using Plaintiff's tips to pay employees engaged in nontipped activities, such as muckers who spend their entire shifts washing dishes, Defendants cannot use the tip credit to meet their minimum wage obligations.

83.     The following examples demonstrate how Defendants underpaid Plaintiff and opt-in Plaintiffs by requiring that he share his tips with non-tip eligible employees[3]:

a.  During the week of July 27, 2015 to August 2, 2015, Plaintiff worked 28.11 hours for which Defendants paid him a direct wage of $141.96.  In doing so, Defendants relied on the tip credit to pay Plaintiff a direct wage of less than the minimum wage.  However, Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit.  As such, during this week, Defendants did not pay Plaintiff the minimum wage.  The FLSA mandates that for 28.11 hours of work, an employee receive at least $203.78 ($7.25 x 28.11 hours).   Because, Plaintiff's pay of $141.96 (or $5.05[4] per hour) is less than $203.78 (or $7.25 per hour), the Defendant violated the FLSA.  The Arizona Minimum Wage commencing January 1, 2015 was $8.05 per hour.   Defendants' payment to Plaintiff of $5.05 per hour violates Arizona Minimum Wage Act as well.

b.  During the week of August 3, 2015 to August 9, 2015, Plaintiff worked 27.5 hours for which Defendants paid him a direct wage of $138.88 (or $5.05 per hour).  In doing so, Defendants relied on the tip credit to pay Plaintiff a direct wage of less than the minimum wage.   However,

---

[3] These examples do not include every single week Plaintiff or opt-in Plaintiffs worked for Defendants or every single time Defendants failed to pay Plaintiff and opt-in Plaintiffs the minimum wage.

[4] $141.96 divided by 28.11 hours = $5.05 per hour.

Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit.   As such, during this week, Defendants did not pay Plaintiff the federal or Arizona state minimum wage.

c.   During the week of August 10, 2015 to August 16, 2015, Plaintiff worked 22.82 hours for which Defendants paid him a direct wage of $115.24 (or $5.05 per hour).   In doing so, Defendants relied on the tip credit to pay Plaintiff a direct wage of less than the minimum wage.   However, Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit.  As such, during this week, Defendants did not pay Plaintiff the federal or Arizona state minimum wage.

d.   During the week of August 17, 2015 to August 23, 2015, Plaintiff worked 30.02 hours for which Defendants paid him a direct wage of $151.60 (or $5.05 per hour).   In doing so, Defendants relied on the tip credit to pay Plaintiff a direct wage of less than the minimum wage.   However, Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit.   As such, during

1    this week, Defendants did not pay Plaintiff the federal or Arizona state
2    minimum wage.

3    e.   During the week of August 24, 2015 to August 30, 2015, Plaintiff worked
4         27.95 hours for which Defendants paid him a direct wage of $141.15 (or
5         $5.05 per hour).  In doing so, Defendants relied on the tip credit to pay
6         Plaintiff a direct wage of less than the minimum wage.   However,
7         Defendants cannot rely on the tip credit during this week because
8         Defendants required that Plaintiff participate in a tip pool that included
9         non-tip eligible employees, such as muckers and failed to provide Plaintiff
10        a legally compliant notice prior to its use of the tip credit.  As such, during
11        this week, Defendants did not pay Plaintiff the federal or Arizona state
12        minimum wage.

13   f.   During the week of August 31, 2015 to September 6, 2015, Plaintiff
14        worked 15.47 hours for which Defendants paid him a direct wage of $78.12
15        (or $5.05 per hour).  In doing so, Defendants relied on the tip credit to pay
16        Plaintiff a direct wage of less than the minimum wage.   However,
17        Defendants cannot rely on the tip credit during this week because
18        Defendants required that Plaintiff participate in a tip pool that included
19        non-tip eligible employees, such as muckers and failed to provide Plaintiff
20        a legally compliant notice prior to its use of the tip credit.  As such, during
21        this week, Defendants did not pay Plaintiff the federal or Arizona state
22        minimum wage.

23   g.   During the week of October 12, 2015 to October 18, 2015, Plaintiff worked
24        32.63 hours for which Defendants paid him a direct wage of $164.78 (or
25        $5.05 per hour).  In doing so, Defendants relied on the tip credit to pay

Plaintiff a direct wage of less than the minimum wage.    However, Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit.  As such, during this week, Defendants did not pay Plaintiff the federal or Arizona state minimum wage.

h.  During the week of October 19, 2015 to October 25, 2015, Plaintiff worked 35.2 hours for which Defendants paid him a direct wage of $177.76.  In doing so, Defendants relied on the tip credit to pay Plaintiff a direct wage of less than the minimum wage.  However, Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit.  As such, during this week, Defendants did not pay Plaintiff the federal or Arizona state minimum wage.

i.  During the week of October 26, 2015 to November 1, 2015, Plaintiff worked 33.3 hours for which Defendants paid him a direct wage of $168.17 (or $5.05 per hour).  In doing so, Defendants relied on the tip credit to pay Plaintiff a direct wage of less than the minimum wage.  However, Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit.  As such, during

this week, Defendants did not pay Plaintiff the federal or Arizona state minimum wage.

j.   During the week of November 2, 2015 to November 8, 2015, Plaintiff worked 25.88 hours for which Defendants paid him a direct wage of $130.69 (or $5.05 per hour).  In doing so, Defendants relied on the tip credit to pay Plaintiff a direct wage of less than the minimum wage. However, Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit.  As such, during this week, Defendants did not pay Plaintiff the federal or Arizona state minimum wage.

k.   During the week of November 9, 2015 to November 15, 2015, Plaintiff worked 37.24 hours for which Defendants paid him a direct wage of $188.06 (or $5.05 per hour).  In doing so, Defendants relied on the tip credit to pay Plaintiff a direct wage of less than the minimum wage. However, Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit.  As such, during this week, Defendants did not pay Plaintiff the federal or Arizona state minimum wage.

l.   During the week of November 16, 2015 to November 22, 2015, Plaintiff worked 29.44 hours for which Defendants paid him a direct wage of $148.67 (or $5.05 per hour).  In doing so, Defendants relied on the tip

credit to pay Plaintiff a direct wage of less than the minimum wage. However, Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit.  As such, during this week, Defendants did not pay Plaintiff the federal or Arizona state minimum wage.

m.  During the week of November 30, 2015 to December 6, 2015, Plaintiff worked 22.73 hours for which Defendants paid him a direct wage of $114.79 (or $5.05 per hour).  In doing so, Defendants relied on the tip credit to pay Plaintiff a direct wage of less than the minimum wage. However, Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit.  As such, during this week, Defendants did not pay Plaintiff the federal or Arizona state minimum wage.

n.  During the week of December 7, 2015 to December 13, 2015, Plaintiff worked 35.1 hours for which Defendants paid him a direct wage of $177.26 (or $5.05 per hour).  In doing so, Defendants relied on the tip credit to pay Plaintiff a direct wage of less than the minimum wage.   However, Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit.  As such, during

this week, Defendants did not pay Plaintiff the federal or Arizona state minimum wage.

o. During the week of January 4, 2016 to January 10, 2016, Plaintiff worked 30.74 hours for which Defendants paid him a direct wage of $155.24 (or $5.05 per hour).  In doing so, Defendants relied on the tip credit to pay Plaintiff a direct wage of less than the minimum wage.   However, Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit.  As such, during this week, Defendants did not pay Plaintiff the federal or Arizona state minimum wage.

p. During the week of January 25, 2016 to January 31, 2016, Plaintiff worked 27.6 hours for which Defendants paid him a direct wage of $139.38 (or $5.05 per hour).  In doing so, Defendants relied on the tip credit to pay Plaintiff a direct wage of less than the minimum wage.   However, Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit.  As such, during this week, Defendants did not pay Plaintiff the federal or Arizona state minimum wage.

q. During the week of February 1, 2016 to February 7, 2016, Plaintiff worked 34.01 hours for which Defendants paid him a direct wage of $171.75(or $5.05 per hour).  In doing so, Defendants relied on the tip credit to pay

Plaintiff a direct wage of less than the minimum wage. However, Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit. As such, during this week, Defendants did not pay Plaintiff the federal or Arizona state minimum wage.

r.   During the week of February 15, 2016 to February 21, 2016, Plaintiff worked 32 hours for which Defendants paid him a direct wage of $161.60 (or $5.05 per hour). In doing so, Defendants relied on the tip credit to pay Plaintiff a direct wage of less than the minimum wage. However, Defendants cannot rely on the tip credit during this week because Defendants required that Plaintiff participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide Plaintiff a legally compliant notice prior to its use of the tip credit. As such, during this week, Defendants did not pay Plaintiff the federal or Arizona state minimum wage.

s.   During the week of June 29, 2015 to July 5, 2015, Opt-in Plaintiff and Class Member Taylor McCue worked 15.21 hours for which Defendants paid Taylor a direct wage of $76.81 (or $5.05 per hour). In doing so, Defendants relied on the tip credit to pay Opt-in Plaintiff Taylor McCue a direct wage of less than the minimum wage. However, Defendants cannot rely on the tip credit during this week because Defendants required that opt-in Plaintiff Taylor McCue participate in a tip pool that included non-tip eligible employees, such as muckers and failed to provide opt-in Plaintiff

1      McCue a legally compliant notice prior to its use of the tip credit.  As such,

2      during this week, Defendants did not pay opt-in Plaintiff Taylor McCue the

3      federal or Arizona state minimum wage.

4     t.   During the week of September 22, 2014 to September 28, 2014, Opt-in

5      Plaintiff and Class Member Kiele Pierce worked 31.62 hours for which

6      Defendants paid Pierce a direct wage of $154.93 (or $4.90 per hour).  In

7      doing so, Defendants relied on the tip credit to pay Opt-in Plaintiff Kiele

8      Pierce a direct wage of less than the minimum wage.  However, Defendants

9      cannot rely on the tip credit during this week because Defendants required

10     that opt-in Plaintiff Kiele Pierce participate in a tip pool that included non-

11     tip eligible employees, such as muckers and failed to provide opt-in

12     Plaintiff Kiele Pierce a legally compliant notice prior to its use of the tip

13     credit.  As such, during this week, Defendants did not pay opt-in Plaintiff

14     Kiele Pierce the federal or Arizona state minimum wage.

15    u.   During the week of November 10, 2014 to November 16, 2014, Opt-in

16     Plaintiff and Class Member Victor Wilson worked 36.3 hours for which

17     Defendants paid Wilson a direct wage of $177.87 (or $4.90 per hour).  In

18     doing so, Defendants relied on the tip credit to pay Opt-in Plaintiff Victor

19     Wilson a direct wage of less than the minimum wage.    However,

20     Defendants cannot rely on the tip credit during this week because

21     Defendants required that opt-in Plaintiff Victor Wilson participate in a tip

22     pool that included non-tip eligible employees, such as muckers and failed to

23     provide opt-in Plaintiff Wilson a legally compliant notice prior to its use of

24     the tip credit.  As such, during this week, Defendants did not pay opt-in

25     Plaintiff Victor Wilson the federal or Arizona state minimum wage.

84.     The above pay practices occurred company wide and the additional opt-in Plaintiffs and Class Members have likewise not been paid the minimum wage.

85.     Although Plaintiff and FLSA Class Members are required to and do in fact work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

86.     Overtime is calculated as one and one-half times the regular rate of pay. The federal minimum regular rate of pay (i.e. the federal minimum wage) is $7.25 per hour.  Accordingly, it follows that one and one-half times the lowest hourly rate possible is $10.88 per hour pursuant to the FLSA.   Therefore, the lowest overtime rate that an employer can pay is $10.88 per hour pursuant to the FLSA.

87.     Plaintiff was paid at a rate of less than $10.88 for overtime hours (over 40 hours) worked in a work week.

88.     Under Arizona state law, the minimum regular rate of pay (i.e. the Arizona state minimum wage) commencing January 1, 2015 through December 31, 2016 was $8.05 per hour.  Plaintiff was not paid one and one-half times the Arizona minimum wage during the applicable time.

89.     By improperly employing the tip credit, Defendants underpaid Plaintiff the amount of overtime to which he was entitled.  The following weeks are examples of when Plaintiff and opt-in Plaintiffs worked overtime, but because Defendants improperly claimed a tip credit, Defendants paid Plaintiff, opt-in Plaintiffs, and Class Members less than one and one-half times the minimum wage unencumbered by the tip credit[5]:

      a.  During the week of March 1, 2016 to March 6, 2016, Plaintiff worked 41.36 hours.  However, because Defendants improperly claimed a tip credit

---

[5] These examples do not include every single week Defendants failed to Plaintiff the proper amount of overtime.

for this week, Defendants failed to pay Plaintiff overtime of a rate equal to at least 1.5 times the minimum wage rate.  Specifically, in this week, instead of paying at least 1.5 times the minimum wage rate, Defendants paid Plaintiff approximately $9.07 per each overtime hour worked.

    b.  During the week of March 15, 2016 to March 20, 2016, Plaintiff worked 45.09 hours.  However, because Defendants improperly claimed a tip credit for this week, Defendants failed to pay Plaintiff overtime of a rate equal to at least 1.5 times the minimum wage rate.  Specifically, in this week, instead of paying at least 1.5 times the minimum wage rate, Defendants paid Plaintiff approximately $9.07 per each overtime hour worked.

    c.  During the week of March 28, 2016 to April 3, 2016, Plaintiff worked 44.67 hours.  However, because Defendants improperly claimed a tip credit for this week, Defendants failed to pay Plaintiff overtime of a rate equal to at least 1.5 times the minimum wage rate.  Specifically, in this week, instead of paying at least 1.5 times the minimum wage rate, Defendants paid Plaintiff approximately $9.07 per each overtime hour worked.

    d.  During the week of April 18, 2016 to April 24, 2016, Plaintiff worked 48.8 hours.  However, because Defendants improperly claimed a tip credit for this week, Defendants failed to pay Plaintiff overtime of a rate equal to at least 1.5 times the minimum wage rate.  Specifically, in this week, instead of paying at least 1.5 times the minimum wage rate, Defendants paid Plaintiff approximately $9.07 per each overtime hour worked.

    e.  During the week of April 25, 2016 to May 1, 2016, Plaintiff worked 48.36 hours.  However, because Defendants improperly claimed a tip credit for this week, Defendants failed to pay Plaintiff overtime of a rate equal to at

least 1.5 times the minimum wage rate.  Specifically, in this week, instead of paying at least 1.5 times the minimum wage rate, Defendants paid Plaintiff approximately $9.07 per each overtime hour worked.

f.   During the week of May 16, 2016 to May 29, 2016, Plaintiff worked 54.48 hours.  However, because Defendants improperly claimed a tip credit for this week, Defendants failed to pay Plaintiff overtime of a rate equal to at least 1.5 times the minimum wage rate.  Specifically, in this week, instead of paying at least 1.5 times the minimum wage rate, Defendants paid Plaintiff approximately $9.07 per each overtime hour worked.

g.   During the week of February 23, 2015 to March 1, 2015, opt-in Plaintiff Kiele Pierce worked 47.05 hours.   However, because Defendants improperly claimed a tip credit for this week, Defendants failed to pay opt-in Plaintiff Kiele Pierce overtime of a rate equal to at least 1.5 times the minimum wage rate.  Specifically, in this week, instead of paying at least 1.5 times the minimum wage rate, Defendants paid opt-in Plaintiff Kiele Pierce approximately $9.07 per each overtime hour worked.

h.   During the week of December 22, 2014 to December 28, 2014, opt-in Plaintiff Shannon Ward worked 44.48 hours.   However, because Defendants improperly claimed a tip credit for this week, Defendants failed to pay opt-in Plaintiff Shannon Ward overtime of a rate equal to at least 1.5 times the minimum wage rate.  Specifically, in this week, instead of paying at least 1.5 times the minimum wage rate, Defendants paid opt-in Plaintiff Shannon Ward approximately $8.85 per each overtime hour worked.

i.   During the week of January 25, 2016 to January 31, 2016, opt-in Plaintiff Irlanda Cortes Acosta worked 41.51 hours.  However, because Defendants

improperly claimed a tip credit for this week, Defendants failed to pay opt-in Plaintiff Irlanda Cortes Acosta overtime of a rate equal to at least 1.5 times the minimum wage rate.  Specifically, in this week, instead of paying at least 1.5 times the minimum wage rate, Defendants paid opt-in Plaintiff Irlanda Cortes Acosta approximately $9.07 per each overtime hour worked.

90.     The above pay practices occurred company wide and the additional opt-in Plaintiffs and Class Members have likewise not been paid overtime pursuant to federal and state laws.

91.     Defendants' conduct violates the minimum wage and overtime requirements of the FLSA. *See* 29 U.S.C. §§ 206, 207.

92.     Defendants' failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.  As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

93.     Defendants required tipped employees to share tips with nontipped employees with the sole intent to avoid their employees in accordance to the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

94.     Defendant's method of paying Plaintiff and the Arizona Class Members was in violation of the Arizona Minimum Wage Act and Arizona Wage Law and was willful and not based on a good faith and reasonable belief that its conduct complied with Arizona Law.

95.     In accordance with the Arizona Wage Act, Defendants are required to notify their employees in writing each pay period of the amount per hour that the employer intends to take as a tip credit.

96.     Here, Defendants did not notify their tipped employees in writing each pay period of the amount per hour that they intended to take as a tip credit.

97.     As such, Defendants are prohibited from taking advantage of the Arizona tip credit privilege.

98.     Because Defendants violated the FLSA's tip credit provisions, they violated the FLSA's minimum wage and the FLSA's overtime provisions.   By way of example, during the time Plaintiff was employed by Defendants, the federal minimum wage was $7.25 per hour and accordingly, the lowest overtime rate (calculated as one and one-half times the regular rate of pay) was $10.88 ($7.25 x 1.5).   Defendants paid Plaintiff less than $7.25 per hour for hours worked under 40 hours per week and Defendants paid Plaintiff less than $10.88 per hour for hours worked over 40 hours per week.   Because, Plaintiff is claiming for reasons stated herein that Defendants cannot rely on the tip credit provisions, the payments made by Defendants to Plaintiff for wages less than $7.25 for regular hours worked and for $10.88 for overtime hours worked is a violation of the FLSA's minimum wage and overtime provision respectively.

## VI.     COLLECTIVE AND CLASS ACTION ALLEGATIONS

**FLSA Class Members:**

99.     Plaintiff and FLSA Class Members incorporate all allegations contained in the foregoing paragraphs.

100.   Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants and required to participate in the tip pool at any time during the three (3) years prior to the commencement of this action to present.

101.   Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been

denied pay at the federally mandated minimum wage rate.  That is, Plaintiff worked with other employees in Arizona who were required to participate in the illegal tip pool.  As such, they have first-hand personal knowledge of the same pay violations throughout Defendants' multiple establishments.  Furthermore, other employees at Defendants' various establishments have similar pay violations as those described in this complaint.

102.    Other employees similarly situated to the Plaintiff work or have worked for Defendants' TopGolf locations in Arizona and were paid a direct wage below $7.25 per hour.

103.    Other employees similarly situated to the Plaintiff work or have worked for Defendants' TopGolf locations in Arizona and were paid a direct wage below $10.88 per hour for overtime hours worked.

104.    Other employees similarly situated to the Plaintiff work or have worked for more than 40 hours in a work week.

105.    Other employees similarly situated to the Plaintiff work or have worked for Defendants' TopGolf locations in Arizona and were required to participate in a tip pool.

106.    Other employees similarly situated to the Plaintiff work or have worked for Defendants' TopGolf locations in Arizona and were required to share tips with employees engaged in nontipped activities.

107.    Defendants rely on the tip credit for all of its bussers, muckers, bartenders, bay hosts and therefore pay them below $7.25 for regular hours worked and below $10.88 for overtime hours worked.

108.    Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty.  Defendants have also denied them full compensation at the federally mandated minimum wage rate.

109.   FLSA Class Members perform or have performed the same or similar work as the Plaintiff.

110.   Specifically, all event hosts employed by Defendants within the last three years perform similar job duties.

111.   Specifically, all bussers employed by Defendants within the last three years perform similar job duties.

112.   Specifically, all muckers employed by Defendants within the last three years perform similar job duties.

113.   Specifically, all bayhost employed by Defendants within the last three years perform similar job duties.

114.   FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

115.   FLSA Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

116.   As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

117.   Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

118.   The experiences of the Plaintiff, with respect to his pay, are typical of the experiences of the FLSA Class Members.

119.   The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

120.   All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

121.   All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

122.   Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula.

123.   The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

124.   As such, Plaintiff brings his FLSA overtime and minimum wage claims as a collective action on behalf of the following class:

> **The FLSA Class Members are all of Defendants' current and former employees who worked in Arizona at any time starting three years before this Complaint was filed up to the present and who were required to participate in the tip pool.**

**Arizona Class Action:**

125.   Plaintiff and the Arizona Class Members incorporate all preceding paragraphs as though fully set forth herein.

126.   Plaintiff brings the Arizona wage claims and the conversion claim as a Rule 23 class action on behalf of the following class:

> **The Arizona Class Members are all of Defendants' current and former employees who worked in Arizona at any time starting three years before this Complaint was**

**filed up to the present and who were required to participate in the tip pool.**

127.  <u>Numerosity</u>.  The number of members in the Arizona Class is believed to be over one hundred (100).  This volume makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the Arizona Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the Arizona Class will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Arizona Class and Defendants.

128.  <u>Typicality</u>.  Plaintiff's claims are typical of the Arizona Class because like the members of the Arizona Class, Plaintiff was subject to Defendants' uniform policies and practices and were compensated in the same manner as others in the Arizona Class. Defendants failed to pay non-exempt employees who worked at TopGolf overtime wages for all of their overtime hours worked.  All members of the Arizona Class worked more than forty (40) hours in a workweek.  Plaintiff and the Arizona Class were likewise not paid minimum wage for all of their hours worked.  Plaintiff and the Arizona Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with Arizona law.  Moreover, Defendants' repudiated Plaintiff's and Arizona Class Members' rights to their property, *i.e.* tips. Defendants' requirement that Plaintiff and Arizona Class Members participate in an illegal tip pool was a policy and practice common to all tipped employees and muckers.

129.  <u>Adequacy</u>.  Plaintiff is a representative party who will fairly and adequately protect the interests of the Arizona Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties

required under Arizona law.  Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Arizona Class he seeks to represent.

130.   Commonality.   Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

        a.   Whether Defendants' required Plaintiff and Arizona Class Members to participate in an illegal tip pool;

        b.   Whether Defendants' properly and accurately notified Plaintiff and the Arizona Class Members of their intent to rely on their tips in order to satisfy their minimum wage obligations;

        c.   Whether Defendants notified Plaintiff and the Arizona Class Members in writing each pay period of the amount per hour that the Defendants take as a tip credit;

        d.   Whether Defendants failed to pay Plaintiff and the Arizona Class Members overtime wages for all hours worked over forty (40) hours in a workweek;

        e.   Whether Defendants failed to pay Plaintiff and the Arizona Class Members their minimum and overtime wages in a timely manner in accordance with the Arizona Wage Act;

        f.   Whether Defendants failed to pay Plaintiff and Arizona Class Members the minimum wage for all hours worked; and

        g.   Whether Defendants converted Plaintiff's and Arizona Class Members' tips.

131.   The common issues of law include, but are not limited to:

a. Whether Defendants are entitled to take advantage of the Arizona tip credit and pay a direct wage less than the Arizona minimum wage;

b. Whether Plaintiff and the Arizona Class Members are entitled to a return of all their tips illegally taken;

c. Whether Plaintiff and the Arizona Class Members are entitled to compensatory damages;

d. The proper measure of damages sustained by Plaintiff and the Arizona Class; and

e. Whether Defendants' actions were "willful."

132.   <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Arizona Class could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the Arizona Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

133.   A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Arizona Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  The identity of members of the Arizona Class is readily identifiable from Defendants' records.

134.     This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on the Defendants to prove they properly compensated their employees; and (3) the burden is on the Defendants to accurately record hours worked by employees and tip credit taken.

135.     Ultimately, a class action is a superior forum to resolve the Arizona claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Arizona Class Members according to applicable Arizona laws and the conversion of Plaintiff's and Arizona Class Members' tips

136.     <u>Nature of notice to be proposed</u>.  As to the Rule 23 Class, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Arizona class by mail, text message, electronic mail, print, broadcast, job posting, internet and/or multimedia publication.

## VII.   CAUSES OF ACTION
### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

137.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

138.     Because Defendants required tipped employees to share tips with nontipped employees, Defendants can no longer take advantage of the tip credit privilege and must pay its employees a direct wage of at least $7.25 per hour for every hour worked during the three years prior to the filing of this Complaint to present.  It follows that the overtime rate, which must be one and one-half the regular rate of pay, must be at least $10.88 per hour.  Defendants failed to pay Plaintiff and Class Members an overtime rate of at least

$10.88 per hour.  Defendants failed to pay Plaintiff and Class Members one and one-half times their legal regular rate of pay unencumbered by the tip credit.

139.   Defendants' practice of failing to pay Plaintiff and FLSA Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

140.   None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants, Plaintiff, or FLSA Class Members.

## COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY THE MINIMUM WAGE
### (COLLECTIVE ACTION)

141.   Plaintiff incorporates all allegations contained in the foregoing paragraphs.

142.   Defendants' practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

143.   Since July 24, 2009 the federal minimum wage has been $7.25 per hour.

144.   Defendants pay Plaintiff and other tipped and nontipped employees at a rate of less than $7.25 per hour.

145.   Defendants violated the tip credit provision under the FLSA as described above and as such cannot take advantage of the tip credit privilege.   Accordingly, Defendants' direct payment of wages at less than $7.25 per hour is in violation of the FLSA's minimum wage provisions.

146.   None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants, Plaintiff, or FLSA Class Members.

## COUNT III
### VIOLATION OF ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE
### (CLASS ACTION)

147.    Plaintiff and Arizona Class Members incorporate all allegations contained in the foregoing paragraphs.

148.    The Arizona minimum wage per hour for the last five years is as follows: 2014-$7.90, 2015- $8.05, 2016-$8.05, 2017-$10.00, 2018-$10.50.

149.    Defendants paid Plaintiff and Arizona Class Members at rates below the Arizona minimum wage rates during the corresponding years listed above.

150.    Defendants' practice of willfully failing to pay Plaintiff and Arizona Class Members wages at the rate of the Arizona Minimum Wage and failure to provide proper notification of Defendants' intention to rely on the tip credit violates the Arizona Minimum Wage Act. ARIZ. REV. STAT. ANN. § 23-363(A), (C).

## COUNT IV
### VIOLATION OF ARIZONA WAGE LAW
### FAILURE TO PAY WAGES DUE
### (CLASS ACTION)

151.    Plaintiff and Arizona Class Members incorporate all allegations contained in the foregoing paragraphs.

152.    Defendants did not timely pay Plaintiff and Class Members their owed wages.  To-date, Plaintiff has not received his pay as required by law.

153.    Defendants' practice of willfully failing to timely pay Plaintiff and Arizona Class Members wages for labor performed at the Arizona minimum and overtime rates and the minimum wage rate and overtime rates required by the FLSA violates Arizona Wage Law. ARIZ. REV. STAT. ANN. § 23-351(C).

## COUNT V

-34-

**CONVERSION**
**(CLASS ACTION)**

154.    Conversion is the repudiation of the owner's right or an exercise of dominion over the property, wrongfully, and in denial of or inconsistent with that right; or, as the rule has been otherwise stated, conversion is an illegal assumption of ownership.

155.    In Arizona, money can be the subject of a conversion provided that it can be described, identified or segregated, and an obligation to treat it in a specific manner is established.

156.    Tips are the property of the employees.  Under Arizona law, employees must receive tips free of employer control as to how the employee is to use the tip except with regards to a valid tip pool.

157.    Although, Defendants can use employees' tips for a valid tip pool, here Defendants used their employees' tips to subsidize their wage obligation for nontipped employees.  In other words, Defendants did not use their employees' tips for a valid tip pool.

158.    Here, the tips taken for an invalid tip pool can be identified and segregated.

159.    Moreover, Defendants' actions of requiring Plaintiff and other tipped employees to subsidize the wages of other nontipped employees is inconsistent with the right of the tipped employees to own their tips.

160.    Defendants exercised dominion over their tipped employees' tips by requiring that they give them to other employees.

## VIII.  DAMAGES SOUGHT

161.    Plaintiff, FLSA Class Members, and Arizona Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate.

-35-

162.    Additionally, Plaintiff, FLSA Class Members, and Arizona Class Members are entitled to recover their unpaid overtime compensation.

163.    Plaintiff, FLSA Class Members, and Arizona Class Members are also entitled to all of the misappropriated tips.

164.    Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

165.    Plaintiff and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

166.    Plaintiff and Arizona Class Members are entitled to an amount equal to wages owed, interest thereon, and an additional amount equal to twice the underpaid wages.  ARIZ. REV. STAT. ANN. § 23-364(G).

167.    Plaintiff and Arizona Class Members are entitled to treble the amount of wages unpaid under Arizona Wage Law. ARIZ. REV. STAT. ANN. § 23-355(A).

168.    Plaintiff and Arizona Class Members are entitled to recover attorney's fees and costs under ARIZ. REV. STAT. ANN. §§ 12-341, 12-341.01, 23-364(G).

169.    Plaintiff and Arizona Class Members are entitled to recover their converted tips.

### IX.    JURY DEMAND

170.    Pursuant to his rights under the Constitution of the United States, U.S. Const. amend VII, and Fed. R. Civ. P. 38(a), Plaintiff hereby demands a trial by jury.

### X.    PRAYER FOR RELIEF

171.    For these reasons, Plaintiff, FLSA Class Members, and Arizona Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a.  Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b.  All unpaid wages at the FLSA and/or Arizona mandated minimum wage rate;

c.  All misappropriated funds;

d.  An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

e.  An amount equal to wages owed, interest thereon, and an additional amount equal to twice the underpaid wages pursuant to ARIZ. REV. STAT. ANN. § 23-364(G);

f.  An amount equal to treble the amount of wages unpaid under Arizona Wage Law and liquidated damages pursuant to ARIZ. REV. STAT. ANN. § 23-355(A);

g.  Prejudgment and post-judgment interest on unpaid back wages pursuant to the FLSA and/or ARIZ. REV. STAT. ANN. § 23-364(G);

h.  Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA and ARIZ. REV. STAT. ANN. §§ 12-341, 12-341.01, 23-364(G);

i.  In the event Defendants fail to satisfy any judgment for Plaintiff with respect to the Arizona wage claims, an award that Defendants shall pay Plaintiff an amount which is treble the amount of the outstanding judgment with interest thereon at the then legal rate in accordance with ARIZ. REV. STAT. ANN. § 23-360; and

j.  Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Dated this April 12, 2018.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz Sosa-Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF
AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813