W. Gary Fowler (*Admitted Pro Hac Vice*)
Scott M. McElhaney (*Admitted Pro Hac Vice*)
David R. Schlottman (*Admitted Pro Hac Vice*)
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Fax: (214) 661-6660
Email: gfowler@jw.com
Email: smcelhaney@jw.com
Email: dschlottman@jw.com
Telephone: (214) 953-6000

Laurent R.G. Badoux, AZ Bar No. 20753
Steven R. Schneider, AZ Bar No. 030958
BUCHALTER
16435 N. Scottsdale Rd., Suite 440
Scottsdale, Arizona 85254
Email: lbadoux@buchalter.com
Email: sschneider@buchalter.com
Telephone: (480) 383-1800
Facsimile: (480) 824-9400

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Bell, on behalf of himself and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Topgolf USA Riverwalk, LLC; Topgolf USA Gilbert, LLC; and Topgolf International, Inc.,<br><br>    Defendants. | No. 2:17-cv-01110-PHX-SPL<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** |

1.    Defendants Topgolf USA Riverwalk, LLC ("Topgolf Riverwalk"), Topgolf USA Gilbert, LLC ("Topgolf Gilbert"), and Topgolf International, Inc. ("Topgolf International") (collectively, "Defendants") present this Answer to Plaintiff's First Amended Collective and Class Action Complaint (Doc. 61):

**SUMMARY**

2.      Defendants admit that Plaintiff worked for Topgolf Riverwalk at certain times, but otherwise denies the allegations of the first sentence of paragraph 2. The remaining allegations of paragraph 2 do not require a response because they only state the nature of the action. To the extent a response is required, Defendants deny they are liable as alleged.

3.      The allegations of paragraph 3 do not require a response because they only state the nature of the action. To the extent a response is required, Defendants deny that this case is certifiable as a Rule 23 class action.

4.      The allegations of paragraph 4 do not require a response because they only state the nature of the action. To the extent a response is required, Defendants deny that this case is maintainable as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

5.      The allegations of paragraph 5 do not require a response because they only purport to set out certain provisions of the FLSA. To the extent a response is required, Defendants deny they are liable as alleged.

6.      The allegations of paragraph 6 do not require a response because they only purport to set out certain provisions of the FLSA and certain provisions of FLSA regulations that have been repealed and are of no further force and effect. *See* Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, Div. S., Tit. XII, § 1201. To the extent a response is required, Defendants deny they are liable as alleged.

7.      The allegations of paragraph 7 do not require a response because they only purport to set out certain provisions of the FLSA. To the extent a response is required, Defendants deny they are liable as alleged.

8.      Defendants deny the allegations of paragraph 8.

9.      Defendants deny the allegations of paragraph 9.

10.     Defendants deny the allegations of paragraph 10.

2

11.     Defendants deny the allegations of paragraph 11.

12.     Defendants deny the allegations of paragraph 12.

13.     The allegations of paragraph 13 do not require a response because they only state the nature of the action. To the extent a response is required, Defendants deny they are liable as alleged.

14.     Defendants deny the allegations of paragraph 14.

15.     Defendants admit that, under the FLSA, tips belong to the employee who receives them, except for tips contributed to a valid tip pool, but Defendants deny the remaining allegations of paragraph 15.

16.     The allegations of paragraph 16 do not require a response because they only state the nature of the action. To the extent a response is required, Defendants deny they are liable as alleged.

**SUBJECT MATTER JURISDICTION AND VENUE**

17.     Defendants admit that this Court has subject matter jurisdiction over this action with respect to the federal claims and the state law claims at the Gilbert facility, but denies that this Court has subject matter jurisdiction over the state law claims asserted in this action with respect to the Riverwalk facility.

18.     Defendants admit that this Court has subject matter jurisdiction over the state law claims asserted in this action with respect to the Gilbert facility, but denies that this Court has subject matter jurisdiction over the state law claims asserted in this action with respect to the Riverwalk facility.

19.     Defendants admit that venue is proper in this District.

1

2 **PARTIES AND PERSONAL JURISDICTION**

3       20.    Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations of paragraph 20 and deny same on that ground.

4       21.    Defendants admit that, as of April 12, 2018, twenty four persons have

5 filed opt-in consent forms with the Court, but Defendants deny that they are similarly

6 situated to Plaintiff and that this action is maintainable as a collective action.

7       22.    The allegations of paragraph 22 do not require a response because they

8 only state the scope of the class of persons to whom Plaintiff may seek leave to send a

9 court-approved notice of a collective action under the FLSA. To the extent a response is

10 required, Defendants deny that the Court should authorize the collective action Plaintiff

11 requests.

12       23.    The allegations of paragraph 23 do not require a response because they

13 only state the scope of the class of persons to whom Plaintiff seeks to represent under

14 Rule 23. To the extent a response is required, Defendants deny that the Court should

15 certify the class action Plaintiff requests.

16       24.    Topgolf Riverwalk admits that it is a Delaware limited liability company

17 and that it has appeared in this action.

18       25.    Topgolf Gilbert admits that it is a Delaware limited liability company and

19 that it has appeared in this action.

20       26.    Topgolf International admits that it is a corporation organized under

21 Delaware law and that it has appeared in this action.

22       27.    Defendants admit that they have been served with the Amended

23 Complaint.

24 **FLSA AND ARIZONA WAGE ACT COVERAGE**

25       28.    Each Defendant admits that, during the material times, it has been an

26 employer as defined under 29 U.S.C. § 203(d).

27

28

29.     The allegations of paragraph 29 do not require a response because they only purport to set out certain provisions of the FLSA.

30.     The allegations of paragraph 30 do not require a response because they only purport to set out certain provisions of the FLSA.

31.     Defendants admit that, during the material times, they have been an enterprise engaged in commerce as defined under 29 U.S.C. § 203(s)(1).

32.     Each Defendant admits that, during the material times, it has had an annual gross volume of sales made or business done in excess of $500,000.

33.     Defendants admit that Plaintiff was an employee who was employed in an enterprise engaged in commerce. Topgolf International admits that employees of Topgolf facilities in Arizona for whom a tip credit was claimed in the three years preceding the filing of this action were employed in an enterprise engaged in commerce.

34.     Defendants admit that, during the material times, they have been an enterprise as defined under 29 U.S.C. § 203(r)(1), but otherwise deny the allegations of paragraph 34.

35.     Defendants cannot admit or deny the allegations of paragraph 35 because they are vague, but Defendants admit that certain Topgolf advertising benefits each Topgolf facility, that certain logos used by Defendants are similar or the same, and that each Defendant utilizes ADP for certain payroll processing.

36.     Defendants admit that they utilize ADP for certain payroll processing.

37.     Defendants deny the allegations of paragraph 37.

38.     Defendants admit that the Topgolf facilities in Arizona offer substantially similar services, food, and beverages to customers.

39.     Defendants admit that the Topgolf facilities in Arizona offer substantially similar services, food, and beverages to customers.

40.     Topgolf Gilbert and Topgolf Riverwalk admit that they both employ Bay Hosts, Bussers, Dishwashers, Bartenders, and Event Ambassadors, but Defendants otherwise deny the allegations of paragraph 40.

41.     Topgolf International admits that, for time in which certain tipped employees at a Topgolf facility in Arizona work in a tipped position, and where it is allowed by state and local law, certain employees were paid a direct wage less than the applicable minimum wage by relying on the tip credit available under the relevant law. Topgolf Gilbert and Topgolf Riverwalk admit the same as to certain tipped employees at those respective facilities. Defendants otherwise deny the allegations of paragraph 41.

42.     Topgolf Riverwalk admits it has utilized the FLSA's tip credit to pay a direct wage less than the applicable federal and state minimum wage to over 100 employees within the last three years.

43.     Topgolf Gilbert admits it has utilized the FLSA's tip credit to pay a direct wage less than the applicable federal and state minimum wage to over 100 employees within the last three years.

44.     Defendants deny the allegations of paragraph 44.

45.     Topgolf Gilbert admits that it has been an employer within the meaning of Ariz. Rev. Stat. § 23-350(3) and § 23-362(B). Topgolf Riverwalk and Topgolf International deny the allegations of paragraph 45.

46.     Topgolf International and Topgolf Riverwalk deny the allegations of paragraph 46. Topgolf Gilbert admits that, for certain times, certain Arizona Class Members were employees of it within the meaning of Ariz. Rev. Stat. § 23-350(2) and § 23-362(A).

47.     Topgolf International and Topgolf Riverwalk deny the allegations of paragraph 47. Topgolf Gilbert admits that, for certain times, certain Arizona Class Members were employees of it within the meaning of Ariz. Rev. Stat. § 23-350(2) and § 23-362(A).

48.     Defendants deny the allegations of paragraph 48.

49.     Defendants deny the allegations of paragraph 49.

50.     Defendants deny the allegations of paragraph 50.

**FACTS**

51.     Topgolf International admits the allegations of paragraph 51. Topgolf Gilbert admits that it operates a Topgolf facility in Gilbert, Arizona. Topgolf Riverwalk admits that it operates a Topgolf facility in Scottsdale, Arizona.

52.     Defendants admit the allegations of paragraph 52.

53.     Defendants admit that Topgolf locations offer point-scoring golf games for all skill levels, as well as upscale bar food and drinks.

54.     Defendants admit the allegations of paragraph 54.

55.     Defendants admit the allegations of paragraph 55.

56.     Topgolf Gilbert and Topgolf Riverwalk admit the allegations of paragraph 56. Topgolf International denies the allegations of paragraph 56.

57.     Topgolf Riverwalk admits that Plaintiff worked for it as a Bay Host and Event Ambassador during certain times from July 2015 through April 2017. Topgolf International and Topgolf Gilbert deny the allegations of paragraph 57.

58.     Topgolf Gilbert and Topgolf Riverwalk admit that certain employees were sometimes assigned to the mucker location, but otherwise deny the allegations in paragraph 58. Topgolf International denies the allegations of paragraph 58.

59.     Defendants deny the allegations of paragraph 59.

60.     Topgolf Gilbert and Topgolf Riverwalk admit that certain employees assigned to the mucker location participated in a tip pool, but otherwise deny the allegations of paragraph 60. Topgolf International denies the allegations in paragraph 60.

61.     Defendants admit that, for the time in which he worked in a tipped position, Plaintiff was paid a direct wage less than $7.25 by reliance on the tip credit available under 29 U.S.C. § 203(m).

62.     Defendants admit that Plaintiff worked for Topgolf Riverwalk during certain times.

63.     Defendants admit that, while employed in a tipped position for a Topgolf entity, Plaintiff was not exempt from the overtime and minimum wage requirements of the FLSA or Arizona law as stated in those laws, but denies that the Arizona law applies to the Riverwalk facility.

64.     Defendants admit that the Topgolf entities that employ employees in Arizona employ tipped employees with Bay Host, Busser, Event Ambassador, and Bartender job titles, and that they receive tips, but Defendants otherwise deny the allegations of paragraph 64.

65.     Defendants admit that the Topgolf entities that employ employees in Arizona employ non-tipped employees with Dishwasher job title. Defendants deny the remaining allegations in paragraph 65.

66.     Topgolf Riverwalk admits it has employed at least 100 Bay Hosts in the last three years at the Riverwalk, Arizona facility. Topgolf International admits that at least 100 Bay Hosts have been employed in the last three years at the Riverwalk, Arizona facility. Topgolf Gilbert lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 66 and denies same on that ground.

67.     Topgolf International admits that at least 500 Bay Hosts have been employed at Topgolf facilities in the last three years throughout the State of Arizona. Topgolf Gilbert and Topgolf Riverwalk lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 67 and deny same on that ground.

68. Topgolf International admits that the duties of Bay Hosts employed at Topgolf facilities throughout Arizona, when working as Bay Hosts, are substantially the same. Topgolf Gilbert and Topgolf Riverwalk lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 68 and deny same on that ground.

69. Defendants deny the allegations in paragraph 69.

70. Topgolf International admits that the duties of Dishwashers employed at Topgolf facilities throughout Arizona, when working as Dishwashers, are substantially the same. Topgolf Gilbert and Topgolf Riverwalk lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 70 and deny same on that ground.

71. Defendants deny the allegations of paragraph 71.

72. Defendants deny the allegations of paragraph 72.

73. Defendants deny the allegations of paragraph 73.

74. Defendants deny the allegations of paragraph 74.

75. Defendants deny the allegations of paragraph 75.

76. Defendants admit that certain employees assigned to a mucker location were paid a direct hourly wage less than the FLSA minimum wage, but otherwise deny the allegations of paragraph 76.

77. Topgolf Riverwalk and Topgolf Gilbert admit that certain employees assigned the mucker location participated in a tip pool. Defendants otherwise deny the allegations of paragraph 77.

78. Defendants admit that certain employees assigned to a mucker location were paid a direct hourly wage less than the Arizona minimum wage for non-tipped employees, but otherwise deny the allegations of paragraph 78 and further deny that the Arizona law applies to the Riverwalk facility.

79.     Defendants admit that certain employees assigned to a mucker location were paid a direct hourly wage less than the FLSA and/or Arizona minimum wage for non-tipped employees based on the tip credit provisions of the law, but otherwise deny the allegations of paragraph 79 and further deny that the Arizona law applies to the Riverwalk facility.

80.     Defendants deny the allegations of paragraph 80.

81.     Defendants deny the allegations of paragraph 81.

82.     Defendants deny the allegations of paragraph 82.

83.     The allegations of paragraph 83 do not require a response because they only introduce the following subparagraphs. To the extent a response is required, Defendants deny the allegations:

a.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked in the referenced work week for Topgolf Riverwalk, the direct cash wages Plaintiff was paid by Topgolf Riverwalk, and the minimum wage rate under the FLSA and the Arizona Minimum Wage Act, but Defendants deny the remaining allegations of the subparagraph.

b.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked in the referenced work week for Topgolf Riverwalk and the direct cash wages Plaintiff was paid by Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

c.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked in the referenced work week for Topgolf Riverwalk and the direct cash wages Plaintiff was paid by Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

d.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked in the referenced work week for Topgolf

Riverwalk and the direct cash wages Plaintiff was paid by Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

e.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked in the referenced work week for Topgolf Riverwalk and the direct cash wages Plaintiff was paid by Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

f.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked in the referenced work week for Topgolf Riverwalk and the direct cash wages Plaintiff was paid by Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

g.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked in the referenced work week for Topgolf Riverwalk and the direct cash wages Plaintiff was paid by Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

h.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked in the referenced work week for Topgolf Riverwalk and the direct cash wages Plaintiff was paid, but deny the remaining allegations of the subparagraph.

i.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked in the referenced work week for Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

j.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked in the referenced work week for Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

k.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked in the referenced work week for Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

l.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked in the referenced work week for Topgolf Riverwalk and the direct cash wages Plaintiff was paid by Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

m.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked for Topgolf Riverwalk in the referenced work week and the direct cash wages Plaintiff was paid by Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

n.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked for Topgolf Riverwalk  in the referenced work week, but deny the remaining allegations of the subparagraph.

o.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked for Topgolf Riverwalk in the referenced work week and the direct cash wages Plaintiff was paid by Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

p.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked in the referenced work week for Topgolf Riverwalk and the direct cash wages Plaintiff was paid by Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

q.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked in the referenced work week for Topgolf Riverwalk and the direct cash wages Plaintiff was paid by Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

r.  Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked for Topgolf Riverwalk in the referenced work week, but deny the remaining allegations of the subparagraph.

s.  Defendants admit that this subparagraph accurately states the number of hours that Taylor McCue worked for Topgolf Riverwalk in the referenced work week and the direct cash wages Taylor McCue was paid by Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

t.  Defendants admit that this subparagraph accurately states the number of hours that Kiele Pierce worked for Topgolf Riverwalk in the referenced work week, but deny the remaining allegations of the subparagraph.

u.  Defendants admit that this subparagraph accurately states the number of hours that Victor Wilson worked for Topgolf Riverwalk in the referenced work week and the direct cash wages Victor Wilson was paid by Topgolf Riverwalk, but deny the remaining allegations of the subparagraph.

84.  Defendants deny the allegations of paragraph 84.

85.  Defendants deny the allegations of paragraph 85.

86.  The allegations of paragraph 86 do not require a response because they only purport to set out certain provisions of the FLSA. To the extent a response is required, Defendants deny they are liable as alleged.

87.  Defendants deny the allegations of paragraph 87.

88.  The allegations of the first sentence of paragraph 88 do not require a response because they only purport to set out certain provisions of Arizona law. Defendants deny the allegation of the second sentence of paragraph 88.

89.  The allegations of paragraph 89 do not require a response because they only introduce the following subparagraphs. To the extent a response is required, Defendants deny the allegations:

a. Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked for Topgolf Riverwalk in the referenced work week, but deny the remaining allegations of the subparagraph.

b. Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked for Topgolf Riverwalk in the referenced work week, but deny the remaining allegations of the subparagraph.

c. Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked for Topgolf Riverwalk in the referenced work week, but deny the remaining allegations of the subparagraph.

d. Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked for Topgolf Riverwalk in the referenced work week, but deny the remaining allegations of the subparagraph.

e. Defendants admit that this subparagraph accurately states the number of hours that Plaintiff worked for Topgolf Riverwalk in the referenced work week, but deny the remaining allegations of the subparagraph.

f. Defendants deny the remaining allegations of the subparagraph.

g. Defendants admit that this subparagraph accurately states the number of hours that Kiele Pierce worked for Topgolf Riverwalk in the referenced work week, but deny the remaining allegations of the subparagraph.

h. Defendants admit that this subparagraph accurately states the number of hours that Shannon Ward worked for Topgolf Riverwalk

in the referenced work week, but deny the remaining allegations of the subparagraph.

i.   Defendants admit that this subparagraph accurately states the number of hours that Irlanda Cortes Acosta worked for Topgolf Riverwalk in the referenced work week, but deny the remaining allegations of the subparagraph.

90.   Defendants deny the allegations of paragraph 90.

91.   Defendants deny the allegations of paragraph 91.

92.   Defendants deny the allegations of paragraph 92.

93.   Defendants deny the allegations of paragraph 93.

94.   Defendants deny the allegations of paragraph 94.

95.   The allegations of paragraph 95 do not require a response because only purport to set out certain provisions of the Arizona Wage Act. To the extent a response is required, Defendant deny that they are liable as alleged.

96.   Defendants deny the allegations of paragraph 96.

97.   Defendants deny the allegations of paragraph 97.

98.   To the extent the allegations of paragraph 98 purport to set out certain provisions of the FLSA, they do not require a response. To the extent a response is required, Defendants deny they are liable as alleged, and Defendants deny the remaining allegations of paragraph 98.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

**A.   FLSA Class Members.**

99.   Defendants incorporate their responses to the preceding paragraphs by reference.

100.   The allegations of paragraph 100 do not require a response because they only state the scope of the class of persons to whom Plaintiff may seek leave to send a court-approved notice of a collective action under the FLSA. To the extent a response is

required, Defendants deny that the Court should authorize the collective action Plaintiff requests.

101.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 101 concerning Plaintiff's knowledge and deny same on that ground. Defendants deny the remaining allegations of paragraph 101.

102.    Defendants admit that certain tipped employees have worked for the Topgolf entity that employed them and were paid a direct wage below $7.25 per hour through reliance on the tip credit. Defendants deny the remaining allegations of paragraph 102.

103.    Defendants admit that certain tipped employees have worked for the Topgolf entity that employed them and were paid a direct wage below $10.88 per hour for overtime hours worked through reliance on the tip credit.  Defendants deny the remaining allegations of paragraph 103.

104.    Defendants admit that certain tipped employees have worked overtime for the Topgolf entity that employed them. Defendants deny the remaining allegations of paragraph 104.

105.    Defendants admit that certain tipped employees have worked for the Topgolf entity that employed them and were required to participate in a tip pool but otherwise deny the allegations of paragraph 105.

106.    Defendants deny the allegations in paragraph 106.

107.    Defendants deny the allegations of paragraph 107.

108.    Defendants deny the allegations in paragraph 108.

109.    Defendants deny the allegations in paragraph 109.

110.    Defendants deny the allegations in paragraph 110.

111.    Defendants deny the allegations in paragraph 111.

112.    Defendants deny the allegations in paragraph 112.

113. Defendants admit that Bay Hosts who have worked for the Topgolf entity that employed them in Arizona, when working as Bay Hosts, perform similar job duties to each other.

114. Defendants deny the allegations in paragraph 114.

115. Defendants admit that Bay Hosts who have worked for the Topgolf entity that employed them in Arizona and who were required to participate in a tip pool were not exempt from the overtime and minimum wage requirements of the FLSA.

116. Defendants deny the allegations in paragraph 116.

117. Defendants deny the allegations in paragraph 117.

118. Defendants cannot admit or deny the allegations in paragraph 118 of the Complaint because they are vague. To the extent a response is required, Defendants deny the allegations.

119. Defendants deny the allegations in paragraph 119.

120. Defendants admit that, for each hour worked in excess of forty (40) each work week, non-exempt employees of the Topgolf facilities that employed them are entitled to overtime compensation but deny that the FLSA Class Members have not been paid overtime compensation. Defendants deny any remaining allegations in paragraph 120.

121. Defendants admit that non-exempt employees of the Topgolf facilities that employed them are entitled to be compensated at the federally-mandated minimum wage rate but deny that the FLSA Class Members have not been so compensated. Defendants deny any remaining allegations in paragraph 121.

122. The allegations of paragraph 122 do not require a response because they only state an allegation about the calculation of alleged damages. To the extent a response is required, Defendants deny they are liable as alleged.

123. Defendants deny the allegations in paragraph 123.

124.    The allegations of paragraph 124 do not require a response because they only state an allegation regarding the scope of a proposed collective action. To the extent a response is required, Defendants deny they are liable as alleged and that the proposed collective action is proper or warranted.

**B.    Arizona Class Action**

125.    Defendants incorporate their responses to the preceding paragraphs by reference.

126.    The allegations of paragraph 126 do not require a response because they only state an allegation regarding the scope of a proposed class action. To the extent a response is required, Defendants deny they are liable as alleged and that the proposed class action is proper or warranted.

127.    Defendants deny the allegations in paragraph 127.

128.    Defendants deny the allegations in paragraph 128.

129.    Defendants deny the allegations in paragraph 129.

130.    Defendants deny the allegations in paragraph 130.

131.    Defendants deny the allegations in paragraph 131.

132.    Defendants deny the allegations in paragraph 132.

133.    Defendants deny the allegations in paragraph 133.

134.    Defendants deny the allegations in paragraph 134.

135.    Defendants deny the allegations in paragraph 135.

136.    The allegations of paragraph 136 do not require a response because they only state an allegation regarding the requested notice under Rule 23. To the extent a response is required, Defendants deny they are liable as alleged and that the proposed class action is proper or warranted.

1

**CAUSES OF ACTION**

2

**COUNT I**

3    137.    Defendants incorporate their responses to the preceding paragraphs by

4    reference.

5    138.    Defendants deny the allegations in paragraph 138.

6    139.    Defendants deny the allegations in paragraph 139.

7    140.    Defendants deny the allegations in paragraph 140.

8

**COUNT II**

9    141.    Defendants incorporate their responses to the preceding paragraphs by

10   reference.

11   142.    Defendants deny the allegations in paragraph 142.

12   143.    The allegations of paragraph 143 do not require a response because they

13   only purport state provisions of the FLSA. To the extent that a response is required,

14   Defendants deny that they are liable as alleged.

15   144.    Defendants deny the allegations in paragraph 144 that, with applicable tip

16   credits, they failed to pay the required minimum wage under the FLSA.

17   145.    Defendants deny the allegations in paragraph 145.

18   146.    Defendants deny the allegations in paragraph 146 that they failed to pay

19   the minimum wage properly under the FLSA.

20

**COUNT III**

21   147.    Defendants incorporate their responses to the preceding paragraphs by

22   reference.

23   148.    The allegations of paragraph 148 do not require a response because they

24   only purport state provisions of Arizona law. To the extent that a response is required,

25   Defendants deny that they are liable as alleged.

26   149.    Defendants deny the allegations in paragraph 149.

27   150.    Defendants deny the allegations in paragraph 150.

28

1

**COUNT IV**

2      151.   Defendants incorporate their responses to the preceding paragraphs by

3  reference.

4      152.   Defendants deny the allegations in paragraph 152.

5      153.   Defendants deny the allegations in paragraph 153.

6

**COUNT V**

7      154.   The allegations of paragraph 154 do not require a response because they

8  only purport to describe the law. To the extent a response is required, Defendants deny

9  they are liable as alleged.

10      155.   The allegations of paragraph 155 do not require a response because they

11  only purport to describe the law. To the extent a response is required, Defendants deny

12  they are liable as alleged.

13      156.   The allegations of paragraph 156 do not require a response because they

14  only purport to describe the law. To the extent a response is required, Defendants deny

15  they are liable as alleged.

16      157.   Defendants deny the allegations in paragraph 157.

17      158.   Defendants deny the underlying allegations in paragraph 158.

18      159.   Defendants deny the underlying allegations in paragraph 159.

19      160.   Defendants deny the allegations in paragraph 160.

20

**DAMAGES SOUGHT**

21      161.   Defendants deny the allegations in paragraph 161.

22      162.   Defendants deny the allegations in paragraph 162.

23      163.   Defendants deny the allegations in paragraph 163.

24      164.   Defendants deny the allegations in paragraph 164.

25      165.   Defendants deny the allegations in paragraph 165.

26      166.   Defendants deny the allegations in paragraph 166.

27      167.   Defendants deny the allegations in paragraph 167.

28

168.    Defendants deny the allegations in paragraph 168.

169.    Defendants deny the allegations in paragraph 169.

**JURY DEMAND**

170.    The allegations of paragraph 170 do not require a response because they only make a jury demand.

**PRAYER FOR RELIEF**

171.    Defendants deny that Plaintiff is entitled to any of the relief sought in paragraph 171.

**AFFIRMATIVE AND OTHER DEFENSES**

172.    Any allegations in the Complaint that are not specifically admitted above are denied.

173.    The Complaint fails to state a claim upon which relief can be granted in whole or in part.

174.    Plaintiff lacks standing to bring the claims asserted in the Complaint in whole or in part.

175.    The state law claims asserted in the Complaint are pre-empted in whole or in part by federal law and/or do not apply to the Topgolf Riverwalk facility because it is located on land of the Salt River Pima-Maricopa Indian Community. The state common law claims asserted in the Complaint are pre-empted in whole or in part by federal or state statutory law.

176.    The Complaint fails to comply with the requirements for proceedings as a collective action; the putative Class Members are not similarly situated.

177.    Plaintiff and putative Class Members were employed in positions where they customarily and regularly received more than $30 a month in tips. Plaintiff and putative Class Members were paid the legal minimum cash wage for tipped employees—*i.e.*, $2.13 per hour under the FLSA and $3.00 less than the state minimum wage under Arizona law—with the remainder of the minimum wage rate being made up

of tips received by the employee. Plaintiff and putative Class members were informed in advance of Defendants' use of the tip credit (a) of the amount of the cash wage that was to be paid to the tipped employee by the employer, (b) of the additional amount by which the wages of the tipped employee were increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee, (c) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips, and (d) that the tip credit shall not apply to any employee who has not been informed of these requirements. Plaintiff and putative Class members were thus informed of the provision of FLSA § 3(m) a required by law. With the exception of tips contributed to a valid tip pool (*i.e.*, a pool that included employees who customarily and regularly received tips), Plaintiff and putative Class Members retained all tips they each received. Defendants thus met the FLSA's wage payment requirements with respect to Plaintiff and all putative Class Members through the payment of wages as defined in 29 U.S.C. § 203(m), its applicable regulations, and Arizona law.

178.   Any act or omission in violation of the law that may be shown was not willful and was taken in good faith and with reasonable grounds for believing that the act or omission was not a violation of the law.

179.   Plaintiff's and putative Class Members' claims may be limited or barred in whole or in part by the applicable one-year, two-year, and three-year applicable statute of limitations.

180.   Defendants assert any matters of avoidance and affirmative defense particular to any opt-ins/claimants that may arise during the course of discovery but which are not apparent at this time, including all payments and wages as defined in 29 U.S.C. § 203(m), its applicable regulations, and Arizona law as payment or an offset to any claims for unpaid minimum wage and overtime.

181.   Defendants reserve the right to assert additional affirmative defenses as they become evident through discovery or investigation, in accordance with the Federal Rules of Civil Procedure and/or subsequent court order.

### PRAYER FOR RELIEF

For the reasons stated above, Defendants request that this Court dismiss Plaintiff's action with prejudice, award Defendants their costs, and grant Defendants such other and further relief to which they may be justly entitled.

DATED this 27th day of April, 2018.


**BUCHALTER,**
**A PROFESSIONAL CORPORATION**


By:   */s/ Laurent R.G. Badoux*
     Laurent R.G. Badoux
     Steven R. Schneider

*Attorneys for Defendants*


I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 27th day of April, 2018, to:

Beatriz Sosa-Morris
John Neuman
Sosa-Morris Neuman, Attorneys at Law
5612 Chaucer Drive
Houston, TX  77005
bsosamorris@smnlawfirm.com
jneuman@smnlawfirm.com
*Attorneys for Plaintiff*

     */s/ Laurent R.G. Badoux*            .