**TAB A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Bell, on behalf of himself and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Topgolf USA Riverwalk, LLC; Topgolf USA Gilbert, LLC; and Topgolf International, Inc.,<br><br>Defendants. | Case No. 2:17-cv-01110-PHX-SPL |

## CONFIDENTIAL COMPROMISE AND SETTLEMENT AGREEMENT AND RELEASE

This Confidential Compromise and Settlement Agreement and Release (hereinafter "Agreement") is entered into by and between Timothy Bell ("Bell" or "Named Plaintiff"), on behalf of himself and the other opt-in claimants listed on Exhibit A hereto ("the Opt-in Plaintiffs") and Topgolf USA Riverwalk, LLC; Topgolf USA Gilbert, LLC; and Topgolf International, Inc. (all hereinafter collectively known as "Topgolf") and is made as of the 31st day of January, 2019.

WHEREAS, Bell was formerly an employee of Topgolf; and

WHEREAS, Bell has brought the above captioned action (the "Lawsuit") in the above captioned Court on behalf of himself and other persons similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act (the "Arizona Minimum Wage Act"), the Arizona payment of wages statute (A.R.S. § 23-351 & § 23-355), and common law claims, including those for conversion; and

WHEREAS, the Opt-in Plaintiffs have authorized Bell to file and prosecute their respective claims for unpaid wages, to make decisions on their behalf concerning such claims, and to negotiate a resolution of such claims on their behalf, with full authority to be bound by Bell's decision; and

WHEREAS, disputes have arisen between Bell, on his own behalf and as representative of the Opt-in Plaintiffs, and Topgolf concerning claims for payment of wages, liquidated damages, return of tips, treble damages, attorney's fees, costs, and other sums under the FLSA, the Arizona Minimum Wage Act, and other federal, state, and local laws; and

WHEREAS, Topgolf disputes the allegations and denies liability; and

WHEREAS, the parties now desire to compromise, settle and forever resolve and finally dispose of their outstanding controversies and claims without further dispute, litigation or other legal proceedings;

NOW, THEREFORE, in consideration of the foregoing, and the promises, covenants, representations, warranties, and other consideration contained hereinafter, the sufficiency and adequacy of which are stipulated and conceded, the parties agree as follows:

### Consideration

1. As provided in this paragraph, and conditioned upon approval by the Court of the terms of this Agreement, Topgolf will establish a Settlement Fund in the amount of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ($▮▮▮▮▮▮). Without limiting the scope of the releases contained herein, and subject to Court approval, the parties agree that the settlement amount shall be allocated as follows: (a) the sum of $▮▮▮▮▮▮ shall be allocated to attorney's fees and costs, (b) $▮▮▮▮ shall be allocated to Timothy Bell and $▮▮▮ each to Chelsea Cuzela, and Victor Wilson as payment for services as Named Plaintiff or, in the case of Cuzela and Victor Wilson, services to assist the Named Plaintiff in connection with the prosecution and settlement of the claims, and (c) subject to Court approval of this Agreement and the execution of the Release contained in Exhibit B hereto and the other conditions for payment, Topgolf will pay the remaining amount to the Named Plaintiff and the Opt-in Plaintiffs in accordance with the amount listed for each individual on Exhibit A (the amounts listed that Exhibit shall be referred to the "Payment Schedule"). Of the amounts set forth in the Payment Schedule, one-half shall be deemed to be paid in settlement of claims for unpaid wages (and will be subject to withholding as required by law) while the remainder will be deemed to be paid in settlement of claims for liquidated damages. All payments shall be less any withholding as required by federal, state, or local law.

### Procedures for Settlement and Payment

2. (a) The parties and their respective counsel will take all reasonable steps necessary to present this Agreement to the Court for review and approval. Counsel for Bell and the Opt-in Plaintiffs further agree, if necessary, to take any other steps so that a full and complete dismissal of the Lawsuit with prejudice may be entered.

(b) Within fifteen (15) days of both (i) the Court's final order approving of this Agreement becoming final and (ii) the execution and delivery to counsel for Topgolf of a Form W-9 from Bell, Chelsea Cuzela, and Victor Wilson, as well as from counsel for Plaintiffs, Topgolf will deliver to counsel for Plaintiffs the amounts set out in paragraph 1(a) and 1(b), and those amounts will be reported on an IRS Form 1099. Within fifteen (15) days of the later of both (i) the Court's final order approving this Agreement becoming final and (ii) the execution and delivery to counsel for Topgolf of the Release attached to this Agreement as Exhibit B and a Form W-9 from an Opt-in Plaintiff, Topgolf will deliver to counsel for Plaintiffs the amounts referenced in the Payment Schedule relating to that party. For the purposes of the preceding two sentences in this paragraph, the term "becoming final" means that 30 days have elapsed since entry of the final order of the Court approving this Agreement and that there are no pending motions, objections, or notices of appeal on file relating to the final order or this Agreement. Any Opt-in Plaintiff who is not located or refuses to

sign the Release attached to this Agreement as Exhibit B and provide an executed W-9 within sixty (60) days of the Court's final order approving this Agreement will not receive the payment due to him or her under the Payment Schedule and that amount from the Settlement Fund will remain with Topgolf, but the existence of any such Opt-in Plaintiff will not relieve the parties of their rights or obligations under the remaining provisions of this Agreement. Bell, Cuzela, and Victor Wilson agree to use their reasonable best efforts to obtain execution of and deliver to counsel for Topgolf the Release attached to this Agreement as Exhibit B and a Form W-9 by each Opt-in Plaintiff. Pursuant to the allocation of the amounts set forth on the Payment Schedule between unpaid wages and the settlement of claims for liquidated damages, the amounts paid from the Payment Schedule allocated to unpaid wages will be reported on an IRS Form W-2, and the amounts paid from the Payment Schedule allocated to the settlement of claims for liquidated damages will be reported on an IRS Form 1099.

### Release

3. In consideration of the mutual promises contained in the Agreement, Bell, for and on behalf of himself, the Opt-in Plaintiffs, and their respective heirs, executors, trustees, administrators, representatives, spouse, and assigns, if any, hereby fully, finally, completely, and forever releases, discharges, acquits, relinquishes, and covenants not to sue Topgolf and its affiliates, subsidiaries and parent companies, along with each of their respective present and former employees, attorneys, members, directors, agents and assigns (all of the foregoing persons are collectively referred to herein as the "Released Parties"), jointly and/or severally, from any and all claims, actions, demands, liabilities, and/or causes of action of whatever kind or character, joint or several, whether known or unknown, suspected or unsuspected, asserted or unasserted, relating to wages, tips, interest, liquidated damages, treble damages, or other compensation, including but not limited to unpaid minimum wage or overtime claims, whether under federal, state or local law or common law, for services performed for Topgolf prior to the execution of this Release. However, neither this Agreement nor this paragraph constitutes a waiver of any unemployment claim, workers' compensation claim, or any other claim by any of the Opt-in Plaintiffs (other than Cuzela and Victor Wilson, as provided specifically below) not related to wages for work performed filed as of the date of this agreement.

4. In consideration of the additional consideration described in paragraph 1, Bell, Cuzela, and Victor Wilson, on behalf of each of themselves and their respective spouse, attorneys, successors, and assigns release the Released Parties for all claims, known and unknown, arising out of or relating to their employment with Topgolf which have arisen, in whole or in part, prior to their respective execution of this Agreement.

### Bar to Further Claims

5. Bell, for and on behalf of himself individually and the Opt-in Plaintiffs and their respective heirs, executors, trustees, administrators, representatives, spouse, and assigns, if any, agrees that this Agreement shall act as a full and final release as stated in Paragraph 3 (and with respect to Bell, Cuzela and Victor Wilson, as stated in Paragraph 4), and that this release shall forever bar, any right, if any, to file or instigate a lawsuit, claim, or charge of any kind whatsoever

under any federal, state, or local statute or common law, concerning any claim released in Paragraph 3 (and with respect to Bell, Cuzela and Victor Wilson, as stated in Paragraph 4).

### Dismissal of Suit

6. In connection with their presentation of this Agreement to the Court for review and approval, the parties agree to present a Joint Motion to Approve Settlement and to Enter Agreed Final Judgment in the form attached as Exhibit C, which, along with approval of this Agreement, requests entry of an Agreed Judgment of Dismissal with Prejudice in the form attached to the Joint Motion.

### Attorney's Fees Released

7. Bell and the Opt-in Plaintiffs have been represented by the law firm of Sosa-Morris Neuman, PLLC, and the parties agree that all claims for attorney's fees, expert fees, and any other costs are released and extinguished through this Agreement.

### Confidentiality

8. Bell and the Opt-in Plaintiffs will maintain the confidentiality of the terms of this Agreement, and shall not further disclose or discuss the subject matter of the Lawsuit except to counsel for Bell and the Opt-in Plaintiffs or to his or her respective accountant, financial advisor, or spouse (if any), or to other Opt-in Plaintiffs in the above-referenced action, or to state, federal, or local taxing agencies, or if disclosure is required pursuant to the express terms of a lawful subpoena or court order. Bell and Opt-in Plaintiffs may state, without violating this paragraph, that "the Lawsuit has been resolved." Without limiting the foregoing, Bell, the Opt-in Plaintiffs and their counsel specifically agree that there will be no press releases, advertisements or other statements to third parties regarding the contents of this Agreement or any characterization of the settlement other than that the case was resolved. Additionally, counsel for Bell may disclose terms of this Agreement to a court of competent jurisdiction if requested or required to be disclosed by such a court.

### No Assignment

9. Bell, Cuzela, and Victor Wilson each hereby represents and warrants that he or she has not assigned or otherwise transferred to any other person or entity, including any attorney, any interest in any claim, demand, action and/or cause of action he or she has, or may have, or may claim to have against the Released Parties. Each of them expressly represents that he or she has no pending bankruptcy proceeding and that no such proceedings has been pending at any time in the last twelve (12) months.

### Tax Consequences

10. Bell, Cuzela, and Victor Wilson acknowledges and agrees that neither Topgolf nor its attorneys nor Plaintiff's counsel's attorneys have made any representations to him, her or the Opt-in Plaintiffs regarding the tax consequences of any amounts received by her pursuant to this Agreement.

### Non-Admission

11. This Agreement, any offer of this Agreement, and compliance with this Agreement shall not constitute or be construed as an admission by any party hereto, or any of the Released Parties, of any wrongdoing or liability of any kind or an admission by any of them of any violation of the rights of the other but, rather, such liability or wrongdoing is expressly denied; nor shall this Agreement be admissible in any judicial, administrative, or other proceeding or cause of action or any investigation as an admission of liability by any party hereto, its predecessors, successors, parent entities, subsidiaries, related or affiliated companies, officers, directors, owners, stockholders, employees and assigns.

### Choice of Law

12. The parties agree that the terms of this Agreement shall be governed and construed in accordance with the laws of the United States of America and the State of Arizona. The parties further agree that should any part of this Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the parties intend the legality, validity, and enforceability of the remaining parts shall not be affected thereby, and said illegal, invalid or unenforceable part shall be deemed not to be a part of this Agreement.

### Successors/Assigns

13. This Agreement shall be binding upon and the benefits shall inure to Topgolf and its successors and assigns, as well as to Bell and to each of the Opt-in Plaintiffs and their respective heirs and representatives.

### Complete Agreement

14. The parties agree that in executing this Agreement they do not rely and have not relied on any document, representation or statement, whether written or oral, other than those specifically set forth in this written Agreement. The parties agree that this Agreement constitutes the entire agreement between Bell, the Opt-in Plaintiffs and Topgolf and supersedes any and all prior agreements or understandings, written or oral, pertaining to the subject matter of this Agreement and contains all the covenants and agreements between the parties with respect to such matters in any manner whatsoever. No oral understandings, statements, promises or inducements contrary to the terms of this Agreement exist. This Agreement cannot be changed or terminated orally, but may be changed only through written addendum executed by both parties. The parties acknowledges that one of them may hereafter discover facts different from or in addition to those now known or believed to be true with respect to the matters released herein, and the parties agree that the respective releases and agreements contained herein shall be and will remain effective in all respects notwithstanding such different or additional facts, the intent being to obtain a final settlement.

### Multiple Originals

15. It is understood and agreed that this Agreement may be executed in counterparts, each of which shall be deemed an original for all purposes.

### Warranty of Authority; Electronic Signature

16. Each party hereto represents and warrants that he or she has full authority to bind the parties represented. Bell further represents and warrants that neither he nor his counsel have received from any Opt-in Plaintiff any revocation of his authority to file and prosecute their respective claims for unpaid wages, to make decisions on their behalf concerning such claims, and to negotiate a resolution of such claims on their behalf. A signature obtained or transmitted by facsimile, PDF, or other electronic means on this Agreement or any Release shall be deemed to be an original for all purposes, and the receiving party may rely on the receipt of such document so executed and delivered by facsimile or other electronic means as if the original had been received.

### No Waiver

17. No waiver of any of the terms of this Agreement shall be valid unless in writing and signed by all parties to this Agreement. The waiver by any party hereto of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by any party, nor shall any waiver operate or be construed as a rescission of this Agreement.

### Section Captions

18. Any section captions which may appear on this document are not part of this Agreement and shall not be used in construing its terms.

### Acknowledgements

19. By signing below, Bell, Cuzela, and Victor Wilson each understand and agree that he or she:

    (a) HAS CAREFULLY READ AND FULLY UNDERSTANDS ALL OF THE PROVISIONS OF THIS AGREEMENT AND HAS HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT;

    (b) HAS AT ALL TIMES DURING THE COURSE OF NEGOTIATION AND EXECUTION OF THIS AGREEMENT HAD THE OPPORTUNITY TO DISCUSS THOROUGHLY THIS AGREEMENT WITH ANYONE HE OR SHE DESIRED, CONCERNING THE TERMS OF THIS AGREEMENT AND THAT **HE OR SHE IS HEREBY ADVISED IN WRITING TO CONSULT WITH COUNSEL OF HIS OR HER CHOICE PRIOR TO ENTERING INTO THIS AGREEMENT;**

    (c) KNOWINGLY AND VOLUNTARILY AGREES TO ALL OF THE TERMS SET FORTH IN THIS AGREEMENT;

    (d) KNOWINGLY AND VOLUNTARILY INTENDS TO BE LEGALLY BOUND BY THE SAME; AND

(e) WAIVES RIGHTS OR CLAIMS IN EXCHANGE FOR COMPENSATION WHICH HE OR SHE WOULD NOT OTHERWISE RECEIVE.

The parties declare that the terms of this Agreement were furnished to Bell, Cuzela, and Victor Wilson through their counsel. The parties further declare that, upon execution of this Agreement, the terms of such Agreement have been completely read, are fully understood, and are voluntarily accepted, after complete consideration of all facts and their legal rights, of which each party has been fully advised by their respective attorneys for the purpose of making a full and final compromise, adjustment, and settlement of any and all claims, disputed or otherwise, that Bell, Cuzela, Victor Wilson, or the Opt-in Plaintiffs may have against the Released Parties, as provided in Paragraphs 3 and 4.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date indicated by their signatures below.

*Timothy Bell*                                                             Date 2/2/2019

**Timothy Bell**
**on behalf of himself and the Opt-in Plaintiffs**


_____                                  Date _____

**Chelsea Cuzela**


_____                                  Date _____

**Victor Wilson**


**Topgolf International, Inc.**                                   Date _____

By: _____

Its: _____


**Topgolf USA Gilbert, LLC**                                     Date _____

By: _____

Its: _____

7

(e)   WAIVES RIGHTS OR CLAIMS IN EXCHANGE FOR COMPENSATION WHICH HE OR SHE WOULD NOT OTHERWISE RECEIVE.

The parties declare that the terms of this Agreement were furnished to Bell, Cuzela, and Victor Wilson through their counsel. The parties further declare that, upon execution of this Agreement, the terms of such Agreement have been completely read, are fully understood, and are voluntarily accepted, after complete consideration of all facts and their legal rights, of which each party has been fully advised by their respective attorneys for the purpose of making a full and final compromise, adjustment, and settlement of any and all claims, disputed or otherwise, that Bell, Cuzela, Victor Wilson, or the Opt-in Plaintiffs may have against the Released Parties, as provided in Paragraphs 3 and 4.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date indicated by their signatures below.

_____           Date_____
**Timothy Bell**
**on behalf of himself and the Opt-in Plaintiffs**

_____[signature]_____           Date 01/31/19
**Chelsea Cuzela**

_____           Date_____
**Victor Wilson**

**Topgolf International, Inc.**           Date_____

By:_____

Its:_____


**Topgolf USA Gilbert, LLC**           Date_____

By:_____

Its:_____

7

(e) WAIVES RIGHTS OR CLAIMS IN EXCHANGE FOR COMPENSATION WHICH HE OR SHE WOULD NOT OTHERWISE RECEIVE.

The parties declare that the terms of this Agreement were furnished to Bell, Cuzela, and Victor Wilson through their counsel. The parties further declare that, upon execution of this Agreement, the terms of such Agreement have been completely read, are fully understood, and are voluntarily accepted, after complete consideration of all facts and their legal rights, of which each party has been fully advised by their respective attorneys for the purpose of making a full and final compromise, adjustment, and settlement of any and all claims, disputed or otherwise, that Bell, Cuzela, Victor Wilson, or the Opt-in Plaintiffs may have against the Released Parties, as provided in Paragraphs 3 and 4.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date indicated by their signatures below.

_____     Date_____
**Timothy Bell**
**on behalf of himself and the Opt-in Plaintiffs**


_____     Date_____
**Chelsea Cuzela**


*Victor N Wilson*                Date 01/31/2019
_____
**Victor Wilson**


**Topgolf International, Inc.**        Date 2/7/2019
By: _____
Its: General Counsel & Secretary


**Topgolf USA Gilbert, LLC**           Date 2/7/2019
By: _____
Its: General Counsel & Secretary

7

Topgolf USA Riverwalk, LLC            Date 2/7/2019

By: _____

Its: General Counsel & Secretary

**EXHIBIT A**
**Opt-in Plaintiffs and Payments**

| Name | Distribution Amount (Total) | Unpaid Wages (Reported on W-2) | Liquidated Damages (Reported on 1099) | Service Pymt (In Addition to Distribution, Reported on 1099) |
|---|---|---|---|---|
| Bell, Tim | $ ▮ | $ ▮ | $ ▮ | $ ▮ |
| Champa, Kenneth | $ ▮ | $ ▮ | $ ▮ | |
| Cicero, Aaron | $ ▮ | $ ▮ | $ ▮ | |
| Corral, Andrew | $ ▮ | $ ▮ | $ ▮ | |
| Cortes Acosta, Irlanda | $ ▮ | $ ▮ | $ ▮ | |
| Cuzela, Chelsea | $ ▮ | $ ▮ | $ ▮ | $ ▮ |
| Davidson, Megan | $ ▮ | $ ▮ | $ ▮ | |
| Dong, Lein | $ ▮ | $ ▮ | $ ▮ | |
| Frazier, Kassondra | $ ▮ | $ ▮ | $ ▮ | |
| Gemme/Hansen, Kelli | $ ▮ | $ ▮ | $ ▮ | |
| Heryford, Lexey | $ ▮ | $ ▮ | $ ▮ | |
| Helliwell, Victoria | $ ▮ | $ ▮ | $ ▮ | |
| Humphrey, Jesse | $ ▮ | $ ▮ | $ ▮ | |
| Huson, Patrick | $ ▮ | $ ▮ | $ ▮ | |
| Kunitz, Brennan | $ ▮ | $ ▮ | $ ▮ | |
| Labauve, Kristi Leigh | $ ▮ | $ ▮ | $ ▮ | |
| Lee, Elisha | $ ▮ | $ ▮ | $ ▮ | |
| Lewis, Shelly | $ ▮ | $ ▮ | $ ▮ | |
| Majiet, Mats | $ ▮ | $ ▮ | $ ▮ | |
| Mccue, Taylor | $ ▮ | $ ▮ | $ ▮ | |
| Monserrat, Alexandra | $ ▮ | $ ▮ | $ ▮ | |
| Moses, Leroy | $ ▮ | $ ▮ | $ ▮ | |
| Meier, Jorden | $ ▮ | $ ▮ | $ ▮ | |
| Patsche, Jillian | $ ▮ | $ ▮ | $ ▮ | |
| Pierce, Kiele | $ ▮ | $ ▮ | $ ▮ | |

| Name | | | | |
|---|---|---|---|---|
| Reisinger, Carissa | $ ▇ | $ ▇ | $ ▇ | |
| Rosowitz, Matthew | $ ▇ | $ ▇ | $ ▇ | |
| Rutledge, Ashley | $ ▇ | $ ▇ | $ ▇ | |
| Schafer, Joseph | $ ▇ | $ ▇ | $ ▇ | |
| Seamands, Robert | $ ▇ | $ ▇ | $ ▇ | |
| Seibold, Rainie | $ ▇ | $ ▇ | $ ▇ | |
| Snoozy, Courtney | $ ▇ | $ ▇ | $ ▇ | |
| Stevens, Kayleigh | $ ▇ | $ ▇ | $ ▇ | |
| Utter, Kendall | $ ▇ | $ ▇ | $ ▇ | |
| Vinaras, Marco | $ ▇ | $ ▇ | $ ▇ | |
| Ward, Shannon | $ ▇ | $ ▇ | $ ▇ | |
| Wilson, Kirby | $ ▇ | $ ▇ | $ ▇ | |
| Wilson, Victor | $ ▇ | $ ▇ | $ ▇ | $ ▇ |
| Wood, Marisa | $ ▇ | $ ▇ | $ ▇ | |
| Weathers, Zachary | $ ▇ | $ ▇ | $ ▇ | |
| Totals | $ ▇ | $ ▇ | $ ▇ | $ ▇ |

# EXHIBIT B
## RELEASE

I am a current or former employee of Topgolf USA Riverwalk, LLC; Topgolf USA Gilbert, LLC; and/or Topgolf International, Inc. (hereinafter collectively known as "Topgolf"). I have filed a Consent for Wage Claim Against Topgolf or some similarly titled document indicating that I wished to pursue a claim against Topgolf in Case No. CV-17-01110, *Timothy Bell v. TopGolf USA Riverwalk, LLC et al.,* ("the Lawsuit"). I understand that the parties have reached a settlement in this matter, and I wish to receive the funds designated for me in such settlement for the consideration stated below.

1. In consideration of the sum of $_____, less withholding as required by law, I hereby fully, finally, completely, and forever release, discharge, acquit, relinquish, and covenant not to sue Topgolf and its affiliates, along with each of their respective present and former employees, attorneys, members, partners, limited partners, directors, agents and assigns (all of the foregoing persons are collectively referred to herein as the "Released Parties"), jointly and/or severally, from any and all claims, actions, demands, liabilities, and/or causes of action of whatever kind or character, joint or several, whether known or unknown, suspected or unsuspected, asserted or unasserted, relating to wages, tips, interest, liquidated damages, treble damages, or other compensation, including but not limited to unpaid minimum wage or overtime claims, whether under federal, state or local law or common law, for services performed for Topgolf prior to the execution of this Release. However, neither this Agreement nor this paragraph constitutes a waiver of any unemployment claim, workers' compensation claim, or any other claim by me not related to wages for work performed filed as of the date of this agreement.

2. I hereby represent and warrant that I have not assigned or otherwise transferred to any other person or entity, including any attorney, any interest in any claim, demand, action and/or cause of action I have, or may have, or may claim to have against the Released Parties. I further represent that I have no pending bankruptcy proceeding and that no such proceeding has been pending at any time in the last twelve (12) months.

3. I acknowledge and agree that neither Topgolf nor its attorneys nor Plaintiff's attorneys have made any representations to me regarding the tax consequences of any amounts received by me pursuant to this Release.

4. I acknowledge that this Release, any offer of this Release, and compliance with this Release shall not constitute or be construed as an admission by Topgolf of any wrongdoing or liability of any kind or an admission by any of them of any violation of my rights.

5. I represent and agree that, in executing this Release, I have not relied on any document, representation or statement, whether written or oral, other than those specifically set forth in this written Release. No oral understandings, statements, promises or inducements contrary to the terms of this Release exist. I acknowledge that I may hereafter discover facts different from or in addition to those now known or believed to be true with respect to the matters released herein, and I agree that the respective releases and agreements contained herein shall be and will remain effective in all respects notwithstanding such different or additional facts, the intent being to obtain a final settlement.

Print Name:_____
Date:_____

**EXHIBIT C**

[[See attached documents]]

12